Kenneth M. Sigelman, Esq. (SBN: 100238)
Penelope A. Phillips, Esq. (SBN: 106170)
KENNETH M. SIGELMAN & ASSOCIATES
1901 1st Ave., 2nd floor
San Diego, California 92101
Telephone: (619) 238-3813
E-mail: ken@sigelmanassociates.com
　　　　pphillips@sigelmanassociates.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| I. PEREZ, a minor, by and through his Guardian ad Litem, ISRAEL PEREZ; and NORMA PEREZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and DOES 1 through 20, Inclusive,<br><br>　　　　Defendants. | Case No. **'16CV1911 JAH MDD**<br><br>**COMPLAINT FOR PERSONAL INJURIES**<br><br>Federal Tort Claims Act<br>28 U.S.C. Section 2671, *et seq.*<br>28 U.S.C. Section 1346(b), *et seq.*<br>28 U.S.C. Section 1367<br>28 U.S.C. Section 1402(b), *et seq.* |

COMES NOW plaintiffs, I. PEREZ, a minor, by and through his Guardian ad Litem, ISRAEL PEREZ; and NORMA PEREZ, and for causes of action against defendants, allege as follows:

## INTRODUCTION

1. The injuries and damages upon which this action is based occurred at the Naval Hospital Camp Pendleton and Naval Medical Clinic in Camp Pendleton, California.

2. ISRAEL PEREZ is the minor plaintiff's father. At the time of the events leading to this action ISRAEL PEREZ was on active duty with the United States

1  Marine Corps. His dependents are therefore entitled to receive medical care from
2  defendant UNITED STATES OF AMERICA.

3      3.    Plaintiff NORMA PEREZ ("MS. PEREZ") has been married to ISRAEL
4  PEREZ for three (3) years, and was married to ISRAEL PEREZ at all times relevant
5  to this complaint. Plaintiff MS. PEREZ is therefore entitled to receive medical care
6  from defendant UNITED STATES OF AMERICA.

7      4.    Plaintiff I. PEREZ is a dependent child of ISRAEL PEREZ, and as such
8  is entitled to receive medical care from defendant UNITED STATES OF AMERICA.

9      5.    At all times herein mentioned, defendant UNITED STATES OF
10 AMERICA was, and now is, a sovereign entity responsible for the management and
11 operation of the Naval Hospital and Naval Medical Clinic, in Camp Pendleton,
12 California.

13     6.    This action is brought under the provisions of the Federal Tort Claims
14 Act, 28 U.S.C. Section 2671, et seq., and 28 U.S.C. Section 1346(b), et seq., to
15 provide subject matter jurisdiction. Further, this court has supplemental jurisdiction
16 over DOE defendants 1 through 20 in accordance with 28 U.S.C. Section 1367.

17     7.    On or about April 22, 2015, plaintiffs I. PEREZ and MS. PEREZ
18 submitted a claim to the Department of the Navy, Tort Claims Unit. Defendant
19 UNITED STATES OF AMERICA denied said claim on March 11, 2016.

20     8.    The residence and domicile of plaintiffs MS. PEREZ and I. PEREZ was
21 at all times applicable the County of San Diego, State of California, Southern District
22 of California, in accordance with 28 U.S.C. Section 1402(b).

23     9.    The amount in controversy herein, exclusive of interest and costs,
24 exceeds the sum of $10,000.00.

25     10.    The true names and capacities, whether individual, corporate, associate,
26 or otherwise of defendants DOES 1 through 10, inclusive, are unknown to plaintiffs,
27 who therefore sue said defendants by such fictitious names. Plaintiffs will amend this
28 complaint to show the true names and capacities when they have been ascertained.

Plaintiffs are informed and believe, and thereon allege, that each of the defendants designated herein as a DOE is legally responsible in some manner for events and happenings herein referred to and caused the damages herein alleged.

11. The acts and conduct herein alleged were performed by defendants, or agents and employees of defendants acting in the course and scope of said agency and employment and with the knowledge and consent of defendants. Further, defendants are estopped from denying their liability for the facts and conduct alleged as a result of their affirmative misrepresentation and affirmative concealment of material facts regarding the circumstances giving rise to plaintiffs' injuries, including but not limited to acts of evasion, falsehood, and the alteration of documents relating to the identity and status of personnel who provided care and treatment to plaintiffs I. PEREZ, and MS. PEREZ.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

12. On or about December 31, 2013, at approximately 0100, MS. PEREZ arrived at Naval Hospital Camp Pendleton, with a history of uterine contractions beginning at or around 2100 on December 30, 2013. MS. PEREZ's estimated due date was January 17, 2014.

13. At approximately 0110, MS. PEREZ was placed on an electronic fetal monitor. Within the first several minutes, a variable deceleration down to a fetal heart rate of approximately 60 beats per minute appeared on the tracing. Another deceleration down to approximately 110 beats per minute was noted around two minutes later. Approximately five minutes later, there was a prolonged deceleration down to 60 beats per minute.

14. MS. PEREZ was admitted to the hospital at or around 0130. From the time of admission on, the fetal heart tracing showed areas of loss of signal and decelerations down to the 60's, and was never reassuring.

15. An amnioinfusion was started at or around 0145 because of recurrent variable decelerations, according to the medical record.

16. A prolonged deceleration with a nadir to the 70's was noted at 0236 according to the medical record. Dr. Enchanta Jenkins, an attending physician, assessed MS. PEREZ at or around 0246 per the medical record. Additional variable decelerations with a nadir to the 60's were noted at 0400 and 0405, and a variable deceleration with a nadir to 90 was noted at 0409, according to the medical record.

17. According to the medical record, Dr. Jenkins was called to the bedside at 0415. A deceleration with a nadir down to the 50's, and another variable deceleration with a nadir to 65 was noted at 0422, according to the medical record.

18. Another amnioinfusion was started at 0435, and at 0442, MS. PEREZ was taken to the operating room according to the medical record. A Cesarean section was started at 0457, and I. PEREZ was delivered at 0501, per the medical record.

19. At birth, I. PEREZ was noted to have poor tone, was blue, floppy, and had no spontaneous respiratory effort or cry, per the medical record. His APGAR scores were 1 at one minute, 4 at five minutes, and 4 at 10 minutes, according to the medical record. An umbilical cord arterial blood gas showed a pH 6.881, pCO2 103.6, base excess of -16.7, and HCO3 of 19, according to the medical record.

20. At or around ten minutes of life, I. PEREZ was transferred to the Naval Hospital Camp Pendleton Neonatal Intensive Care Unit, and, several hours later, was transferred by ambulance to Naval Medical Center San Diego, where he was admitted to the Neonatal Intensive Care Unit, according to the medical record.

21. According to the medical record, I. PEREZ experienced seizures prior to his transfer to Naval Medical Center San Diego, and was diagnosed with hypoxic-ischemic encephalopathy.

22. As a result of the negligent delay by Naval Hospital Camp Pendleton personnel in recommending, offering and/or performing a Cesarean section, I. PEREZ suffered hypoxic-ischemic encephalopathy resulting in permanent brain injury, manifestations of which include, but are not limited to, motor impairment, cognitive impairment, developmental delay and seizures.

## FIRST CAUSE OF ACTION

### (Negligence)

23. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 22, herein above, as though set forth fully herein.

24. Defendants so negligently and carelessly cared for and treated, as well as negligently supervised the care and treatment of, plaintiffs I. PEREZ and MS. PEREZ, so as to cause plaintiffs to suffer severe injuries.

25. The negligence and carelessness of defendants, with regard to failing to timely and/or properly assess MS. PEREZ and her baby continuously from the time of her presentation to Naval Hospital Camp Pendleton at or around 0100 on December 31, 2013, and in their failure to timely recommend, offer or perform a Cesarean section on MS. PEREZ constituted a failure to use, and/or to insist upon the use of, that degree of skill and care ordinarily used by healthcare professionals engaged in the practice of their profession in the same or similar locality and under the same or similar circumstances, and fell below the standard of care that would be exercised by reasonably careful healthcare practitioners practicing under similar circumstances.

26. As a legal result of the negligence and carelessness of the defendants, plaintiff I. PEREZ suffered hypoxic-ischemic encephalopathy resulting in permanent brain injury, and was hurt and injured in his health, strength, and activity, sustaining injuries to his body and shock and injury to his nervous system and person, all of which have caused, and continue to cause him permanent injury in his health and physical ability, and will cause plaintiff mental, physical, and nervous pain and suffering, fright, grief, anxiety, and apprehension, all to his general damage in an amount in excess of $10,000.00.

27. As a legal result of the negligence and carelessness of defendants, plaintiff MS. PEREZ was hurt and injured in her health, strength, and activity, sustaining injuries to her body and shock and injury to her nervous system and

person, all of which have caused, and continue to cause plaintiff permanent injury in her health, and will cause plaintiff mental, physical, and nervous pain and suffering, fright, grief, anxiety, and apprehension, all to her general damage in an amount in excess of $10,000.00. MS. PEREZ suffered injury as a direct result of the injury to her son during labor and delivery, and, accordingly, has suffered damages as a result of the defendants' negligence and carelessness pursuant to *Burgess v. Superior Court* (1992) 2 Cal.4th 1064.

28. As a further legal result of the negligence and carelessness on the part of defendants, plaintiff I. PEREZ was permanently hurt and injured in his health and physical ability, thereby causing a loss of future earnings, all to his damage in an amount to be proven at the time of trial.

29. As a further legal result of the negligence and carelessness on the part of defendants, plaintiff I. PEREZ was permanently hurt and injured in his health and physical ability, thereby creating the need for care from the time of birth to the present, and in the future, both medical and life care needs, all to his damage in an amount to be proven at the time of trial.

## PRAYER

WHEREFORE, plaintiffs pray judgment against defendant as follows:

1. For general and special damages as to plaintiffs I. PEREZ and MS. PEREZ in an amount to be proven at the time of trial;
2. For past and future medical and care expenses;
3. For future loss of earning capacity;
4. For pre-judgment interest as allowed by law;

///
///
///
///
///

5. For costs of suit incurred herein, and;

6. For such other and further relief as the court may deem just and proper.

Dated: July 27, 2016          KENNETH M. SIGELMAN & ASSOCIATES

By:   *s/Kenneth M. Sigelman*
KENNETH M. SIGELMAN, ESQ.
Attorney for Plaintiff
E-mail: ken@sigelmanassociates.com