| | |
|---|---|
| I. PEREZ, a minor, by and through his Guardian ad Litem, ISRAEL PEREZ; and NORMA PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 16cv1911-JAH-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING F.R.C.P. 30(b)(6) DEPOSITION**<br><br>**[ECF NO. 18]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before the Court is the Joint Motion of the parties to determine a discovery dispute filed on November 20, 2017. (ECF No. 18). The dispute pertains to evidence of when annotations on electric fetal monitoring strips were made. Plaintiffs requested that the Defendants produce a witness under Fed. R. Civ. P. 30(b)(6) prepared to testify on a number of topics including the times that the annotations were made. Plaintiffs assert that the witness was not prepared on that topic and that there must be an additional examination. Defendants claim that because the actual time of the annotations are contained within the metadata of Essentris, the

1

commercial electronic health record used by the Department of Defense, the information is not "readily available."

Defendants principally rely on *U.S. ex rel Carter v. Bridgepoint Educ., Inc.,* 305 F.R.D. 225, 246 (S.D. Cal. 2015). While this Court agrees entirely with the Court's analysis and ruling in that case, the issue presented in this case is far narrower. Simply stated, the issue in *Bridgepoint* was the production of metadata for a large number of documents where the propounding party failed to request the documents in their native format. The dispute here involves a very small amount of metadata, apparently easily obtainable.

The Court agrees with Plaintiffs that the witness produced by Defendants was not adequately prepared on the issue of when the annotations were created in the Essentris file regarding this birth. The Court also agrees with Defendants that the Court need not order a further deposition, rather that the Court should order, if relevance is determined, that Defendants produce screen shots of the audit trail metadata for the annotations on the fetal heart rate monitoring strip, which will reflect the actual date and times that the annotations were created.

The Court finds that the date and time that the annotations were created is relevant. The evidence could be used to impeach testimony regarding the accuracy of the annotations if the metadata reflects a delay in entering the information.

Accordingly, Plaintiffs' motion to compel, as presented in this Joint Motion, is **GRANTED IN PART AND DENIED IN PART.** Defendants are **ORDERED** to produce screen shots of the audit trail metadata for the annotations on the fetal heart rate monitoring strip no later than 14 days following the date of this Order. The Court declines to require Defendants to

produce a properly prepared witness under Rule 30(b)(6) to testify about the metadata at this time. Plaintiffs are not precluded, however, from pursuing further discovery regarding the metadata that it will receive.

**IT IS SO ORDERED.**

Dated: November 21, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge