# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. PEREZ, a minor, by and through his Guardian ad Litem, Israel Perez; and NORMA PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et. al.,<br><br>Defendant. | Case No.: 16cv01911 JAH-MDD<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO AMEND CLAIM AS MOOT [Doc. No. 81]** |

Pending before the Court is Plaintiffs' motion to amend I. Perez's SF-95 claim form. Plaintiffs maintain, prior to filing the instant lawsuit, I. Perez timely presented his Government Tort Claim/SF-95 to the United States which included an estimate of his future medical and care expenses at $20 million. They contend evidence presented at trial sets his future medical and care needs potentially in excess of $20 million. Plaintiffs maintain I. Perez could not possibly have known at the time he filed his claim that his treating pediatric neurologist would diagnose a lifelong seizure disorder and put him back on seizure medication after taking him off seizure medications and telling his mother that he was not having seizures. Plaintiffs further maintain I. Perez could not possibly have known that the level of care he would require all his life would be higher than anticipated, and

1

therefore substantially more expensive. They argue the addition of the ongoing need for seizure medication/management and gastrostomy tube feedings proved to be significant newly discovered issues because they would elevate the skill level and cost of the attendant care I. Perez requires. They seek an order permitting I. Perez to amend the SF-95 claim to include and/or order that damages in excess of his SF-95 claim be allowed for, future medical and care expenses in an amount up to and including $30,769,862, present value.

In opposition, Defendant argues Plaintiffs' request is unnecessary and moot. Defendant contends Plaintiffs submitted a personal injury claim on behalf of I. Perez in the amount of $47,000,000 which consisted of $2,000,000 for past medical care; $20,000,000 for future medical care; $5,000,000 for loss of earnings capacity; $10,000,000 for past pain and suffering; and $10,000,000 for future pain and suffering. Therefore, Defendant contends, the claim placed the United States on notice that I. Perez claims up to $47,000,000 for personal injury. Defendant argues, by operation of section 2675(b), I. Perez may recover no more than $47,000,000 in this action and need not separately itemize damages. Defendant further argues Plaintiffs do not present evidence of, and do not seek damages in excess of their administrative claim for personal injuries to I. Perez and, therefore, fail to show newly discovered evidence or intervening facts justifying relief under section 2675(b).

Plaintiffs did not file a reply and therefore, did not address Defendant's argument that the motion is moot.

Pursuant to 28 U.S.C. section 2675(b) an

Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

In the Ninth Circuit, the minimum notice requirement of section 2675 "is satisfied by (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigations and (2) a sum certain damages claim." Burns v. United States, 764

2

F.3d 722, 724 (9th Cir. 1985) (citing <u>Warren v. United States Department of the Interior Bureau of Land Management</u>, 724 F.2d 776 (9th Cir.1984); <u>Avila v. Immigration and Naturalization Service</u>, 731 F.2d 616, 619 (9th Cir.1984); <u>Adams v. United States,</u> 615 F.2d 284, 289 (5th Cir.1980)).

The Court agrees with Defendant that the United States was put on notice of a claim for I. Perez in the amount of $47 million and increasing the future medical and care needs amount to $30,769,862 does not exceed the claim amount. Accordingly. IT IS HEREBY ORDERED Plaintiffs' motion to amend I. Perez's claim is **DENIED as moot.**

DATED: March 16, 2020

JOHN A. HOUSTON
United States District Judge

3
16cv01911 JAH-MDD