UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. PEREZ, a minor, by and through his Guardian ad Litem, Israel Perez; and NORMA PEREZ,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et. al.,<br><br>　　　　　　　　　　　　Defendant. | Case No.:  16cv01911 JAH-MDD<br><br>**ORDER** |

　　　　On September 15, 2020, the Court issued Findings of Fact and Conclusions of Law and Order which included a payment of future damages and noted Defendant invoked California's periodic payment statute, California Civil Procedure Code section 667.7.  The Court directed the parties to meet and confer on the payment of damages including future damages by periodic payments and the schedule for such payments.  In response, the parties filed a joint statement regarding damages that presented the items on which the parties reached agreement, their positions on payment of fees and a summary of their positions on how the Court should order the United States to satisfy the periodic payment portion of the judgment.  In addition, the parties filed separate briefs addressing their positions on how the United States should satisfy the periodic payment portion of the judgment.

## II. The Parties' Agreement

The parties agree that the present value of damages awarded by the Court, using the net discount rates determined by the Court, are:

    1. To Norma Perez for non-economic damages: $250,000.

    2. To Norma Perez for past extraordinary parental care: $237,120.

    3. To I. Perez for non-economic damages: $250,000.

    4. To I. Perez for lost earning capacity (after offset): $3,437,205.

    5. To I. Perez for future care: $20,631,055

Plaintiffs identified a preliminary Medi-Cal lien of $32,086 and costs of $320,000 for which Plaintiffs are responsible. The parties agree, to satisfy any final Medi-Cal lien, the United States should pay to Plaintiffs' counsel's client trust account $60,000 and counsel will escrow that amount until it obtains full and final satisfaction of the Medi-Cal lien. If any balance remains after full and final satisfaction of the Medi-Cal lien, Plaintiffs' counsel will pay the balance to an account in the name of, or for the benefit of, I. Perez, but not the periodic payment judgment account created by the Court. To satisfy costs, the parties agree that the United States should pay to Plaintiffs' counsel's client trust account $320,000. Plaintiffs' counsel will reimburse Norma Perez any amount recovered as taxable costs. The parties further agree that both amounts will come from future care payments for I. Perez for years after the age of 18.

The parties agree that Plaintiffs' counsel's fees, capped at 25%, are $6,201,345, present value.

## II. Attorneys' Fees

As noted above, the parties agree on the amount of attorneys' fees. However, they do not agree how fees should be satisfied. The preferable approach is an immediate payment from any cash payment received by the client. *Nguyen v. Los Angeles Cty. Harbor/UCLA Med. Ctr.*, 40 Cal. App. 4th 1433, 1444 (1995). However, this approach may not be in the best interest of the client when, like here, the cash payment is insufficient to cover fees. Additionally, deferring payment of fees to pay out from periodic payments

puts counsel at risk of not recovering the full amount of fees in the event of the client's death. *See id.* at 1445. There are, however, approaches which would allow the full amount of attorney fees to be paid immediately and the parties suggest two alternatives.

To satisfy fees, Plaintiffs propose that funds be appropriated as follows: (1) $250,000 from I. Perez's non-economic damages; (2) from the damages awarded for I. Perez's future loss of earnings capacity, and (3) from the damages awarded for I. Perez's future care costs beginning at age 18. Plaintiffs contend the proposed appropriations from I. Perez' future loss of earnings capacity and damages for future care costs are *pro rata* based on the respective percentages that each of these elements of damages comprises of the total in present value dollars.

Defendant proposes that the Court order the United States to satisfy attorneys' fees from the following sources, in seriatim, until exhausted: I. Perez's non-economic damages; I. Perez's lost earning capacity award; then I. Perez's future care damages for ages 18 through the end of life. Defendant maintains this is consistent with California law and cites *Nguyen* and *Horvitz & Levy, MICRA Manual* (2012) in support.

Plaintiffs maintain Defendant's proposed method of satisfying attorneys' fees by exhausting damages for future loss of earnings capacity before appropriating funds from damages for future care costs, rather than simply allocating funds from each based on their relative proportions of the present value judgment, results in a significant shortfall to I. Perez with regard to the future payment stream.[1] Plaintiffs argue this is contrary to the legislative intent of section 667.7. They further argue the *Nguyen* decision did not distinguish between damages for future lost earning capacity and those for future care costs and maintain *the Horvitz & Levy MICRA Manual* (2012), does not cite any legal authority to support its conclusory statement that, in satisfying attorneys' fees from future damages,

---

[1] Plaintiffs point to the difference between their proposed future payout with the Defendants' proposed future payout, which shows a difference in total payout of $5,874,243 for future years 2021-2072.

future loss of earnings capacity damages should be exhausted before appropriating funds from future care costs.

*Nguyen*, a medical malpractice action, involved an appeal of the trial courts' denial of Plaintiff's counsel's motion to amend the judgment to determine the amount of attorneys' fees, and for an order directing payment of the fees attributable to future periodic payments in a lump sum with a credit for that payment to be applied to future periodic payments to the plaintiff. 40 Cal.App.4th 1444. Finding the court lacked jurisdiction to amend the periodic payment final judgment, the California Court of Appeal affirmed the trial court's decision. *Id*. at 1447. In its decision, the court discussed what it described as the "pay and recoup" approach for payment of attorneys' fees, reducing all or a part of the periodic payments by an amount sufficient to cover the balance of attorney fees and add that sum to the up-front cash payment under the judgment. The court, however, did not discuss whether future loss of earnings capacity should be exhausted as part of the "pay and recoup" method. *See id*. at 1446. As such, it does not support Defendant's proposed plan for payment of attorneys' fees.

Additionally, the Court is not persuaded by the unsupported suggestion in the *Horvitz & Levy MICRA Manual* that future lost earnings capacity should be exhausted for payment of attorneys' fees in light of the resulting shortfall to Plaintiff I. Perez.

Accordingly, the Court finds Plaintiffs' proposal for payment of attorneys' fees is the appropriate approach.

**III. Periodic Payment Award**

Defendant invokes California's periodic payment statute, California Civil Procedure Code section 667.7 which reads, in relevant part:

> (a) In any action for injury or damages against a provider of health care services, a superior court shall, at the request of either party, enter a judgment ordering that money damages or its equivalent for future damages of the judgment creditor be paid in whole or in part by periodic payments rather than by a lump-sum payment if the award equals or exceeds fifty thousand dollars ($50,000) in future damages. In entering a judgment ordering the payment of future damages by periodic payments,

> the court shall make a specific finding as to the dollar amount of periodic payments which will compensate the judgment creditor for such future damages.

Although the FTCA prohibits imposing future obligations on the United States, it "authorizes courts to craft remedies that approximate the results contemplated by state statutes." *Dutra v. United States*, 478 F.3d 1090, 1092 (9th Cir. 2007).

Defendant contends the Court may best approximate the results contemplated by section 667.7 if it directs Defendant to pay the present value of the periodic payment damages to a trustee bank and instructs the bank to prudently invest the funds and make the periodic payments in the specified amounts on the specified dates. Defendant maintains numerous courts applying California law to FTCA cases awarded future damages subject to periodic payments in present value.

Plaintiffs contend Defendant's proposal shifts the risk of a depletion of the funds from bad investments, market downturn, financial institution failure, or malfeasance, to Plaintiff I. Perez. Because there is no way to both provide I. Perez with the protections afforded to a California plaintiff by section 667.7 and grant Defendant's request for a periodic payments judgment, in light of the prohibition of future obligations, they contend an approximation of section 667.7 must include some kind of "workaround" that provides a substantially equivalent protection to Plaintiff from an interruption in his payment stream.

Plaintiffs propose two alternatives to satisfy the judgment which, they maintain reasonably approximates California law and relieves Plaintiff I. Perez of most of the risk of investment loss. Their first proposed method involves the Court ordering (1) Defendant deposit the full future value of all periodic payments with a trustee; (2) the trustee pay to Plaintiff each scheduled periodic payment as ordered by the Court; and (3) the United States retains a reversionary interest and all accrued interest and unmade payments upon I. Perez's death or satisfaction of all payments. The second method requires the Court order (1) Defendant to purchase from an A++ Rated (by A.M. Best Insurance Guide), Class XV Life Insurance Company a series of date certain annuities to be made on the dates corresponding to each future payment ordered by the Court, pursuant to the judgment; (2)

that each such annuity contract be guaranteed, meaning that the payment would be made whether or not I. Perez is living, and the contingent beneficiary would be the United States, so that, if I. Perez is not living as of the date of any scheduled payment, the payment would be made to the United States.

Defendant argues there is no basis for Plaintiffs' proposed "workaround" to protect I. Perez from the risk of insufficient funds being available to cover all future damages by ordering Defendant to pay an amount equal to the total future value of all the periodic payments. Defendant contends courts have determined an immediate large lump sum present value payment approximates section 667.7 and provides a plaintiff the ability to invest this large sum throughout the plaintiff's life. Defendant also challenges Plaintiffs' alternative method. Defendant contends the Court has no authority to order the United States to purchase annuity products because the FTCA does not provide courts authority to order equitable or injunctive relief.

Defendant maintains section 667.7 has certain safeguards to minimize the possibility of incomplete payments but it does not guarantee against incomplete payments. Here, Defendant contends, any risk is negligible.

Courts applying section 667.7 have determined lump sum present value payments sufficiently approximate California's law. *See Cibula v. United States*, 664 F.3d 428, 436 (4th Cir. 2012). The court in *Cibula* recognized there was no guarantee that the lump sum payment will cover all of the plaintiff's future care costs but reasoned the district court had the authority to fashion a reversionary trust that would allow the plaintiff flexibility in paying the future care. Additionally, the court reasoned granting the Government a reversionary interest in the future care award eliminates the potential for a windfall without rendering the award less sufficient compensation, and therefore, it approximates section 667.7.

This Court finds the reasoning of *Cibula* persuasive in determining what approach best approximates section 667.7 and best addresses the interests of the parties and protections afforded by the California statute.

**CONCLUSION AND ORDER**

The Court finds it appropriate to hold a conference to discuss the form of the judgment based upon the determinations above. Accordingly, IT IS HEREBY ORDERED a telephonic conference will be held before this Court on **February 10, 2021 at 10:30 a.m.** Court staff will contact the parties in advance of the hearing to provide instructions to participate.

DATED: January 19, 2021

JOHN A. HOUSTON
United States District Judge